## No. 10

No. 18072—The State, ex rel. C. C. Crabbe, Atty. Gen'l., v. Sandusky, Mansfield & Newark R. R. Co. et al. In Quo Warranto.

1113. STREETS—To constitute misuser of, there must be a use inconsistent with dedication—Use of "slips" of land as streets, or for purpose of railroad tracks, not to interfere with.

MATTHIAS, J.

1. In order to constitute a misuser or diversion of property dedicated to public use, it must appear that its use is inconsistent with the purpose of the dedication, or substantially interferes with the use thereof for the purpose contemplated in the dedication.

2. Where, in the dedication of streets and public grounds to a city it is recited that "the open and public slips to the water" shall so remain forever, and such "slips" are tracts of land which are a continuation of streets therein platted, the use thereof by the city as public streets is not inconsistent with the purpose contemplated in the dedication.

3. The construction and maintenance of a railroad track over and upon a city street and across the so-called "slips," pursuant to and in accordance with the provisions of Section 8763, General Code, there being no permit for the exclusive use or permanent obstruction of said "slips" or any part thereof, and said "slips" remaining open for the free and uninterrupted use of the public, do not constitute such interference with or impairment of the use contemplated in the dedication as to warrant a decree for the removal thereof.

Writ denied.

Marshall, C. J., Jones, Day, Allen and Conn, JJ., concur. Robinson, J., not participating.

## No. 11

No. 18403—W. W. Lawrence & Co. v. Andrew Kern. Error to the Court of Appeals of Belmont county.

225. CHARGE TO JURY—Reading inapplicable paragraph of statute and immediately after it pertinent section, not prejudicial error.

JONES, J.

In its general charge the trial court read a paragraph of a statute inapplicable to the issue made by the pleadings. Its attention being called to that fact, it read and specifically called the jury's attention to another paragraph of the same statute, which did apply, and cautioned the jury that the latter paragraph was the "part of our law that applied to this case." The court thereupon correctly charged the jury as to the application of the latter paragraph to the issues plead.

Held: There was no prejudicial error.

Judgment of the Court of Appeals reversed and that of Common Pleas affirmed.

Marshall, C. J., Robinson, Matthias, Day, Allen and Conn, JJ., concur.

## No. 12

No. 18115—In the matter of the Estate of U. H. Gurnea, deceased. Error to the Court of Appeals of Clark county.

185. ACCOUNTING—Settlement of account in Probate Court not a chancery case—Judgment of Common Pleas on appeal from probate, not appealable to Court of Appeals.

ALLEN, J.

1. The settlement in the probate court of the account of an executor does not constitute a chancery case.

2. The appeal to the court of common pleas of the settlement of the account of an executor in the probate court is purely statutory and does not constitute a chancery case; hence the judgment of the court of common pleas upon such an appeal from the probate court is not appealable to the Court of Appeals under Section 6, Article IV, of the Constitution of Ohio.

Judgment affirmed.

Marshall, C. J., Jones, Matthias, Day and Conn, JJ., concur.

## 13

No. 18493—Josephine McCarty v. L. C. Lingham. Error to the Court of Appeals of Cuyahoga county.

997. REAL ESTATE—1. Vendee entitled to a marketable title when contract of sale is silent as to—Such title defined.

2. When husband does not join in conveyance and there are liens, vendee not bound to accept deed subject thereto, and without release of dower.

3. Measure of damages is the difference between contract price and market value.

MARSHALL, C. J.

1. Where a written contract of sale of real estate is silent as to the character of the title to be conveyed, the purchaser is entitled to demand a marketable title.

2. Where such a contract is executed by a married woman, and her husband does not join therein, and there are liens and incumbrances by way of mortgage thereon, the vendee is not bound to accept a conveyance subject to incumbrances and without release of inchoate dower of husband, and upon breach by failure of vendor to obtain release of dower and discharge of incumbrances an action for damages will lie in vendee's favor.

3. The measure of damages in such case is the difference between the market value of the property at the time when the conveyance should have been made and the sale price stated in the contract.

4. A "marketable title" imports such ownership as insures to the owner the peaceable enjoyment and control of the land as against all others.

Judgment affirmed.

Robinson, Jones, Matthias, Day, Allen and Conn, JJ., concur.